UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:13-cr-00418-1 |
| | ) | |
| Vs. | ) | ORDER TO AMEND SPECIAL |
| | ) | CONDITION OF PROBATION; |
| MELVIN W. GOFF, JR. | ) | SHOW SAME AS SATISIFIED |
| _____ | ) | |

The above-named Defendant was sentenced in the Eastern District of North Carolina on February 13, 2013, by The Honorable James E. Gates, United States Magistrate Judge, after he pleaded guilty to Count 1: Level 1, Driving While Intoxicated, in violation of 18 U.S.C. § 13-7210.M. Amended Judgment in 5:12-MJ-1925 (E.D.N.C.), available at ECF No. 1-2 in the above-captioned case. Defendant was sentenced to a two-year term of probation, which included special conditions. *See id.* In an order docketed on May 24, 2013, the undersigned accepted transfer of jurisdiction of this matter from the Eastern District of North Carolina. ECF No. 1 at 1.

This matter is now before the court on the request of Defendant that the following special condition of his sentence of probation be modified:

> The defendant shall be confined to the custody of the Bureau of Prisons for a period of 9 months as directed by the probation office, and shall abide by all rules and regulations of the designated facility. The defendant shall report by March 1, 2013, or otherwise notified by the U.S. Probation Office.

Amended Judgment at 3 ("Special Condition of Confinement"). As the Special Condition of Confinement required, Defendant reported to the Bureau of Prisons' halfway house facility, operated and contracted by Alston Wilkes Society, in Florence, South Carolina, on August 6, 2013, to commence his nine-month term of confinement. In a letter dated February 24, 2014, Defendant asked that the court amend this Special Condition of Confinement by releasing him

from the facility operated by the Alston Wilkes Society and converting the remaining time of confinement to being served by use of location monitoring. *See* ECF No. 11.

Having considered Defendant's request, and having been advised by the United States Probation Office of Defendant's general compliance with regulations imposed on him in the Alston Wilkes' facility, the court has determined it is appropriate to grant Defendant's request for partial relief of sentence. The court finds it is appropriate to permit Defendant to leave the facility operated by the Alston Wilkes Society effective April 7, 2014, without the use of location monitoring for the remainder of his nine-month Special Term of Confinement. At the court's request, Defendant's supervising probation officer consulted with the Office of the United States Attorney in both the sentencing district and in the District of South Carolina and has been advised that neither objects to such partial relief.

Accordingly, IT IS ORDERED that Defendant will be allowed to complete and satisfy the above-quoted Special Condition of Confinement **effective April 7, 2014**, and he shall be released from that obligation at such time. Other applicable conditions of Defendant's probation, including other special conditions, remain in effect as contemplated in the Amended Judgment.

IT IS SO ORDERED.

April 1, 2014                                    Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge